SHORTESS, Justice,
dissenting.
The trial court found that the subdivision restrictions did not infringe upon defendants’ right of free speech. In my opinion, this is a classic case of prior restraint presenting serious constitutional questions. I need not get to the First Amendment issues, however, because the evidence showed that the restrictions had been abandoned by the accepted use of political signs for over two years.
Plaintiff, the developer, testified that the restrictions were intended to keep commercial signs out. He did not consider political signs when he drew up the restrictions. He never objected to political signs in the past.
Defendants testified that 10 to 15 political signs per election had been customarily erected and that about 50% of the subdivision residents used them during a six- to seven-year period. The trial judge correctly found that the restrictions had been violated in the past with political signs. In my opinion, he incorrectly disregarded that proof because he mistakenly differentiated between political signs in support of political candidates and those expressing one’s political views on a subject not to be voted upon. Environmental issues are definitely political in nature; thus, proof of substantial violations for more than two years meets the requirements of LSA-C.C. arts. 781-782.
I respectfully dissent.